# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CR-460 CAS |
| | ) | |
| CATHY M. GIESEKER, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the United States sought forfeiture of property of the above-captioned defendant pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853 as set forth in the Superseding Indictment;

AND WHEREAS, on November 25, 2009, the defendant Cathy M. Gieseker, entered a plea of guilty to Count I and also entered into a written Plea Agreement regarding property subject to forfeiture;

AND WHEREAS, by virtue of said plea of guilty and written plea agreement, the United States is now entitled to forfeiture of property, including substitute properties, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853;

AND WHEREAS, Rule 32.2 of the Federal Rules of Criminal Procedure provides that the government may seek a money judgment and that Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

AND WHEREAS, The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), has moved to forfeit certain property of defendant, and her alter ego T.J. Gieseker Trucking, L.L.C., as substitute property.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that based upon the defendant's plea of guilty and the written plea agreement, and the acknowledgment in same by the defendant that the sum of $27,000,000 in the aggregate constitutes or was derived from the proceeds of her offense, $27,000,000 in U.S. Currency is now subject to forfeiture as the criminal proceeds of her offense under the applicable statutes.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p). As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), and in accordance with the written plea agreement, the United States is entitled to an order forfeiting other property of the defendant, and her alter ego, as a substitute for the unavailable portion of proceeds subject to forfeiture.

Accordingly, in that the property has the statutory criteria for the forfeiture of substitute property under Title 21, United States Code, Section 853(p), it is hereby **ORDERED** that all right, title and interest of the defendant, and her alter ego, T.J. Gieseker Trucking, L.L.C., in the following property, or the sale proceeds of same, is hereby forfeited to the United States to the extent the substitute property does not exceed the above total amount of proceeds of the defendant's offense:

(a) Real Property located at 35424 Audrain Road 708, Martinsburg, Missouri more particularly described as :

Legal Description: 50-07-01 167A - E ½ NW & W 12 NE (EX RD R/W) Audrain County
Permanent Parcel No. 261010000002 Single Family Residence, plus 167 acres;

(b) Real Property located at AR 708, Audrain County, Martinsburg, Missouri more particularly descried as :

Legal Description: 51-07-36 124 AC - W ½ SE & SE SE (EX RD R/W) Audrain County
Permanent Parcel No. 17736000000060901549 Vacant Land - 124 acres;

(c) Real Property located at Hwy B & Audrain Road 448

Legal Description: 52-07-31 78 AC - E ½ NE (EX RD R/W) Audrain County
Permanent Parcel No. 129310000001 Vacant Land - 78 acres;

(d) Real Property located at Audrain Road 424

Legal Description: 51-07-07 77 AC - E ½ SW (EX RD R/W) Audrain County
Permanent Parcel No. 173070000008 Vacant Land - 77 acres;

(e) Real Property located at 101 2nd Street, Rush Hill, Missouri more particularly described as:

Legal Description: RUSH HILL OUT LOTS (105 X 140 IRR) OUT LOT 3, E OF BLK 8 R H ORIG LYING N OF 2ND ST & S ½ VAC ADJ 3RD ST;

(f) Real property located at 8778 Hwy B, Rush Hill, MO 65280 more particularly described as:

158 acres (Plat Section 17, Township 51N, Range 7W) T51-R7-S17, S ½ NW & N ½ SW (ex Rd R/W), Census tract 9502, Map reference 09-01414, Property address - Highway B, City - Rush Hill, County – Audrain, State – Missouri, Zip Code – 65280;

(g) Personal property consisting of vehicles more particularly described as:

3

1. 1998 Semi Tractor VIN: 1XKADR9X0WR789403,

2. 1997 Semi Tractor VIN: 1XKADR9X3VR732031,

3. 2000 Semi Tractor VIN: 1XKAD68X9YR842537,

4. 1998 Semi Tractor VIN: 1XKADR9X6WR760214,

5. 1998 Semi Tractor VIN: 1XKDDB9X9WJ773607,

6. 2002 Grain Semi Trailer VIN: 1W1MAFYA82A234713,

7. 2007 Livestock Trailer VIN: 1Z9SG242870169264,

8. 1981 Utility Trailer VIN: 11591,

9. 2008 Utility Trailer VIN: 5L3AX16278L000342,

10. 2003 Utility Trailer VIN: 4YMUL081X3M010471,

11. 2002 Utility Trailer VIN: 1W1MAFYA92A233831,

12. 2003 Semi Tractor VIN: 1XKWDB9X03R383601,

13. 1995 Semi Tractor VIN: 1M1AA13Y2SW044977,

14. 2003 Grain Semi Trailer VIN: 1W1MAFYA43A236931,

15. 2003 Grain Semi Trailer VIN: 1W1MAFYA236614,

16. 2005 Grain Semi Trailer VIN: 1W1MAFZA85A240451,

17. 2009 Grain Semi Trailer VIN: 4WWAFY493614154,

18. 2008 Ford 350 VIN: 1FTWW33R18ED24867,

19. 2007 Ford Expedition VIN: 1FMFU18547LA82730,

20. 2004 Ford Explorer VIN: 1FMZU73K54ZA84525,

21. Kawasaki ATV VIN: JKBVFHA154B536839,

22. Kawasaki ATV VIN: JKALFMA106B552261.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Pursuant to Rule 32.2(b)(6), upon the issuance of this Preliminary Order of Forfeiture ordering the forfeiture of the above property, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

that upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853(n), in which all of said property will be ordered forfeited to the United States to be disposed of according to law;

that the United States Marshal Service shall forthwith seize and retain the substitute property ordered forfeited hereunder, or the proceeds from any sale of same, and shall take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third party proceedings which may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n).

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing, or at any time before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.

**IT IS FURTHER ORDERED** that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___8th___ day of February, 2010.